FILED

JAMES J. VILT JR., CLERK
U.S. DISTRICT COURT
W/D OF KENTUCKY

Date:_____Jul 10, 2026_____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:22-CV-00218-GNS-LLK

CHRISTOPHER SCOTT STERUSKY,
as Administrator of the Estate of
Chris Sterusky                                                               PLAINTIFF

v.

DETRICK COOPER                                                            DEFENDANT

## JURY INSTRUCTIONS

These instructions will be in three parts: (1) general rules that define and control your duties as jurors, (2) the rules of law that you must apply in deciding whether the Plaintiff has proven his claim, and (3) rules for your deliberations. A copy of these instructions will be available to you in the jury room.

### GENERAL RULES CONCERNING JURY DUTY

**A.      Juror's Duties**

You have two main duties as jurors. First, you must decide what the facts are based on the evidence you saw and heard in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law as I have described it, apply it to the facts, and decide if Plaintiff has proved his claim according to his evidentiary burden. It is my job to instruct you about the law, and you are bound by the oath you took at the beginning of trial to follow my instructions as given, even if you personally disagree with them. This includes the instructions I

1

gave you both before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers may talk about the law during their arguments. But if what they say is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly, and do not let any bias, sympathy, or prejudices that you may feel toward one side or the other influence your decision in any way.

**B.      Evidence**

You must make your decision based only on the evidence you saw and heard in court. The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; any stipulations that the lawyers agreed to; and any facts I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings, comments, and questions are not evidence.

During the trial, I may not have let you hear the answers to some of the questions that the lawyers asked. Do not speculate about what a witness might have said. I may have ordered you to disregard things you saw or heard, or I struck things from the record. You must completely ignore all these things. Do not even think about them. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way. Make your decision based only on the evidence, as I have defined it here, and nothing else.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

2

G.S.

## C.    Direct & Circumstantial Evidence

Now, some of you may have heard of the terms "direct evidence" and "circumstantial evidence." Let me explain what those mean.

Direct evidence is simply evidence like the testimony of an eyewitness, which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, and does not say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## D.    Credibility of Witnesses

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony:

1.    Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

G.S.

2.    Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

3.    Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

4.    Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

5.    Ask yourself if the witness had any relationship to the plaintiff or the defendant, or anything to gain or lose from the case that might influence the witness's testimony.

6.    Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

7.    Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail.

8.    And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that

4

6.5.

even two honest people who witness the same event may not describe it exactly the same way.

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different than the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

One more important point about witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference. Do not make any decisions based solely on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

### E.    Opinion Testimony

You have heard the testimony of Jonathan Vaughan, Toby Terpstra, Thomas Tidderington, Joseph Rosenberg, Dr. William Smock, and Jack Ryan, who all testified as opinion witnesses. You do not have to accept their opinions. In deciding how much weight to give the opinions, you should consider the witness's qualifications and how he or she reached his or her conclusions. Also consider the other factors discussed in these instructions for weighing the credibility of

5

G.S.

witnesses.  Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

### F.    Lawyers' Objections

The lawyers for both sides objected to some of the things that were said or done during the trial.  Do not hold that against either side.  The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence.  Those rules are designed to make sure that both sides receive a fair trial.

Do not interpret my rulings on their objections as any indication of how I think the case should be decided.  My rulings were based on the rules of evidence, not on how I feel about the case.  Remember that your decision must be based only on the evidence that you saw and heard here in court.

6

G.S.

## INSTRUCTION NO. 1

Upon retiring to the jury room, you will select one of you to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in Court.

A verdict form has been prepared for your convenience. You will take this form to the jury room and, when you have reached a verdict, you will fill out the verdict form as appropriate. You will then return with your verdict to the courtroom. All of you must unanimously agree upon a verdict.

G.S.

## INSTRUCTION NO. 2
### Burden of Proof

The Plaintiff has the burden in a civil action, such as this, to prove every element of his claim by a preponderance of the evidence. If the Plaintiff should fail to establish any element of his claim by a preponderance of the evidence, you should find for the Defendant. When a party has the burden to prove any matter by a preponderance of the evidence, it means that you must be persuaded by the testimony and exhibits that the matter sought to be proved is more probably true than not true.

When I instruct you that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean that you must be persuaded, considering all the evidence in the case that the proposition is more probably true than not.

In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed, you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

8

## INSTRUCTION NO. 3
### Introduction to Plaintiff's Claim

The Plaintiff in this case is Christopher Scott Sterusky, acting as administrator of the Estate of Chris Sterusky. I will refer to him as the Plaintiff. I will refer to Chris Sterusky as "the Decedent" or by his name.

The Defendant in this case is Detrick Cooper. I will refer to him as the Defendant.

The Plaintiff claims that the Defendant subjected the Decedent, Chris Sterusky, to excessive force in violation of his constitutional rights.

The Defendant denies this claim.

9

G.S.

## INSTRUCTION NO. 4
### Constitutional Claims Under Section 1983

The Plaintiff brings his claim under Title 42, Section 1983 of the United States Code.

Section 1983 is a federal civil rights law that provides a remedy when a person acting under the color of state law deprives another person of rights protected by the Constitution. Plaintiff claims in this case that Defendant subjected Chris Sterusky to excessive force in violation of Chris Sterusky's constitutional rights.

To prevail on his claim, Plaintiff must prove each of the following elements by a preponderance of the evidence:

1.    Defendant acted under the color of state law;

2.    While acting under the color of state law, Defendant deprived Chris Sterusky of his constitutional right to be free from excessive force; and

3.    Defendant's acts were the proximate cause of the claimed injury.

Because Defendant was employed by the Elizabethtown Police Department at the time of the acts in question, I instruct you that he was acting under the color of state law. In other words, the first element of Plaintiff's claim is not in dispute and you must find that it has been satisfied.

An injury or damage is proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case that the act or omission played a substantial part in bringing about or actually causing the injury or damage to Chris Sterusky, and that his injury or damage was either a direct result of, or a reasonably probable consequence of, the act(s) or omission(s) of the Defendant.

10

G.S.

## INSTRUCTION NO. 5
### Fourth Amendment Excessive Force Claim

The Fourth Amendment to the United States Constitution protects persons from being subjected to excessive force by law enforcement officers. In other words, a law enforcement official may only use the amount of force necessary under the circumstances. Every person has the constitutional right not to be subjected to excessive force.

In this case, Plaintiff claims that Defendant violated Chris Sterusky's Fourth Amendment rights by using deadly force against him. An officer may not use deadly force unless the officer had probable cause to believe the subject posed an immediate or imminent threat of serious physical harm, either to the officer or to others. Probable cause exists when, under all circumstances known to the officer at the time, an objectively reasonable officer would conclude that the individual presented an immediate or imminent threat of serious physical harm. When considering whether an officer reasonably believed that a person posed an immediate or imminent threat of serious bodily harm, you must consider the totality of the circumstances. The following considerations may be relevant, though none is dispositive and this list is not exhaustive: (1) why the officer was called to the scene; (2) whether the officer knew or reasonably believed that the person was armed; (3) whether the person verbally or physically threatened, resisted, disobeyed, or otherwise acted aggressively towards the officer; (4) how far the officer was from the person; (5) the duration of the entire encounter; (6) whether the officer knew of any ongoing mental or physical health conditions that may have affected the person's response to the officer; (7) whether the officer could have diffused the situation with less forceful tactics; and (8) whether it was practical for the officer to give warning of the imminent use of force, and whether such a warning was given.

11

G.S.

You should consider all the relevant facts and circumstances leading up to the time of the encounter that Defendant reasonably believed to be true at the time of the encounter. The reasonableness of Defendant's acts must be judged from the perspective of a reasonable officer on the scene. The concept of reasonableness makes allowance for the fact that police officers are often forced to make split-second judgments about the amount of force that is necessary in a particular situation in circumstances that are sometimes tense, uncertain, and rapidly evolving.

G.S.

## INSTRUCTION NO. 6
### Damages Generally

Plaintiff is requesting compensatory damages from Defendant. If you find in favor of Plaintiff on his claim, only then will you go on to consider the question of damages. If you find in favor of Defendant on Plaintiff's claim, then you will not consider the question of damages.

You should not interpret the fact that I am giving instructions about damages as an indication in any way that Plaintiff should or should not win this case. It is your first task to determine if Defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that Defendant is liable to Plaintiff and that Plaintiff is entitled to recover damages from Defendant.

G.S.

## INSTRUCTION NO. 7
### Compensatory Damages

If you find in favor of Plaintiff, then you must determine the amount of money that will fairly and adequately compensate him for any harm caused by Defendant. This is called "compensatory damages."

Plaintiff must prove his damages by a preponderance of the evidence. Your award of damages must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of the injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

1.    The physical and mental pain and suffering that Chris Sterusky experienced from the time he was shot until the time he died;

2.    The loss of income that Chris Sterusky would earn throughout his life; and

3.    The reasonable value of medical care and funeral expenses incurred by Chris Sterusky's estate.

No evidence of the dollar value of physical and mental pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate Chris Sterusky's estate.

Compensatory damages are entirely personal to the direct victim of the alleged constitutional tort. You should not consider any emotional distress, loss of a loved one, or any other consequent collateral injuries allegedly suffered personally by the victim's family members.

If you return a verdict for Plaintiff, but Plaintiff has failed to prove compensatory damages, then you must award nominal damages of one dollar.

14

G. S.

## INSTRUCTION NO. 8
### Deliberations

That concludes the part of my instructions explaining the rules for considering the evidence and claim in the case. Now let me finish up by explaining some things about your deliberations in the jury room and your possible verdicts.

The first thing you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions and will speak for you here in court. Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.

If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages should be sent to me through your foreperson. One more thing about messages. Do not ever write down or tell anyone, including me, how you stand on your votes. For example, do not write down or tell anyone that you are split 3-3, or 2-4, or whatever your vote happens to be. That should stay secret until you are finished.

### A.    Experiments, Research, Investigation, and Outside Communications

Remember that you must make your decision based only on the evidence that you saw and heard here in court. During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.

You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, LinkedIn, WhatsApp, Snapchat, YouTube, X (formerly known as Twitter), Tik Tok, or similar platform to communicate

15

G.S.

to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

### B.     Unanimous Verdict

Your verdict or answer to any question must be unanimous. That is, all members of the jury must agree on any answer to the question and the verdict.

### C.     Duty to Deliberate

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your

16

b.S.

fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that—your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So, you should all feel free to speak your minds. Listen carefully to what the other jurors have to say and then decide for yourself.

### D.    Juror Notes

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of any evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror. Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.